SIGNED THIS: October 8, 2024

_____
**Mary P. Gorman
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| In Re | ) | |
|---|---|---|
| | ) | Case No.    24-70349 |
| LISA A. REILLY, | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |

# O P I N I O N

Before the Court is the Chapter 13 Trustee's Objection to Debtor's Claim of Exemptions. For the reasons set forth herein, the Trustee's objection will be sustained in part and the Debtor's claim of exemption in the "Inherited IRA" held with "Stifel, Nicolaus & Co." under Washington State law will be denied.

## I.    Factual and Procedural Background

On May 9, 2024, the Debtor, Lisa A. Reilly, filed her voluntary petition under Chapter 13 of the Bankruptcy Code. Relevant to the issues here, she

-1-

scheduled an ownership interest in several investment and retirement accounts, including an "Inherited IRA" held with "Stifel, Nicolaus & Co." valued at $91,381.01. She claimed the "Inherited IRA: Stifel, Nicolaus & Co." as fully exempt under the exemption statutes of the state of Washington. The Trustee filed an objection to the Debtor's claims of exemption in several financial accounts, including the claimed inherited IRA. As to the inherited IRA, the Trustee asserted that the Debtor was a successor beneficiary to an IRA that her late husband had inherited from his father and that, as a successor beneficiary of her father-in-law's IRA, she was not entitled to an exemption under the state law provision upon which she relied.

At an initial hearing on the Trustee's objection, the parties said that they had discussed the issues and agreed to continue the matter until after the deadline for filing claims had passed to determine if litigation would be necessary. At a subsequent hearing, the attorney for the Trustee said that he planned to move forward on the objection. He thought that the objection as to several items would not be disputed based on the Debtor's testimony at the creditors' meeting but that additional briefing was warranted as to the inherited IRA, which he described as being double inherited—first from the Debtor's late father-in-law to the Debtor's husband, and second from the Debtor's husband to the Debtor upon his death. The Debtor's attorney acknowledged that the inherited IRA was an issue that needed to be resolved because confirmation of a Chapter 13 plan would be contingent on meeting liquidation analysis requirements. She agreed that the inherited IRA issue could be decided on briefs

submitted by the parties. As to the Trustee's other objections and the Debtor's proposed Chapter 13 plan, the Debtor's attorney said that she would be providing additional information to the Trustee and suggested that everything be traced with the decision on the inherited IRA issue. Following the hearing, a briefing schedule was set on the inherited IRA issue.

The response brief filed on behalf of the Debtor did not dispute the factual assertions made in the Trustee's objection, namely that the Debtor is a beneficiary of her father-in-law's IRA that her late spouse inherited from his father. The Debtor's response framed her interest in the IRA simply as that of a surviving spouse in a community property state based on her husband's death in March 2021. In his reply brief, the Trustee's attorney offered additional context. According to the Trustee's attorney, the Debtor lives in an RV, splitting time between her daughter's residence in Illinois and her son's residence in Washington. At the time of her bankruptcy filing, she was living in Illinois but maintained a mailing address in Washington. According to records provided to the Trustee, the investment accounts in which the Debtor has an interest, including the IRA at issue, are serviced in Illinois. Those records also show that the IRA at issue was "inherited by the Debtor from her spouse, who himself had inherited it from his father (Stiffel [sic] Bank IRA Account Statement, LISA A REILLY BENE THOMAS DAVID REILLY DECD BENE JOHN REILLY DECD IRA)." The Trustee's attorney also noted that the Trustee was not disputing bankruptcy case venue or the Debtor's use of Washington exemptions.

The Debtor neither filed nor sought leave to file a surreply based on the additional factual assertions set forth in the Trustee's reply brief. The matter was taken under advisement and, the arguments of both parties having been considered, is now ready for decision.

## II.    Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-Bankr. LR 4.1; *see* 28 U.S.C. §157(a). Matters concerning the exemption of property of the estate are core proceedings. 28 U.S.C. §157(b)(2)(B). The issues before the Court arise from the Debtor's bankruptcy itself and from the provisions of the Bankruptcy Code and may therefore be decided by a bankruptcy judge. *See Stern v. Marshall*, 564 U.S. 462, 499 (2011).

## III.    Legal Analysis

Chapter 13 debtors may exempt certain property from their bankruptcy estates. 11 U.S.C. §522(b)(1). Under the Bankruptcy Code, a debtor may use the exemptions set forth in the Code unless the state law applicable to that debtor—as determined elsewhere in the statute—specifically prohibits use of such exemptions. 11 U.S.C. §522(b)(2). Alternatively, a debtor may use a combination of state and local exemptions, federal exemptions other than those set forth in the Code, and several other limited exemptions. 11 U.S.C. §522(b)(3). In selecting

the alternative that includes the exemptions of a particular state, however, a debtor is subject to certain prepetition domiciliary requirements for that state. 11 U.S.C. §522(b)(3)(A). Although it was not clear to the Court that Washington State exemption laws should apply in this case, the Trustee does not dispute their application or the Debtor's use of Washington exemptions. The Debtor and Trustee also seem to agree on the key facts; the IRA was inherited from the Debtor's husband, who had inherited it from his father. The dispute centers around whether Washington exemption law allows the Debtor to exempt the inherited IRA.

The Debtor claimed the inherited IRA as exempt under the Washington exemption provisions for pensions and retirement plans, which provide, in relevant part, that "[t]he right of a person to a pension . . . or any other right accrued or accruing to any citizen of the state of Washington under any employee benefit plan . . . shall be exempt from execution, attachment, garnishment, or seizure by or under any legal process whatever." RCW 6.15.020(3). "Employee benefit plan" is defined to include individual retirement accounts described in §§408 and 408A of the Internal Revenue Code. RCW 6.15.020(4). The exemption statute also includes a provision stating that "[i]t is the policy of the state of Washington to ensure the well-being of its citizens by protecting retirement income to which they are or may become entitled." RCW 6.15.020(1).

The Trustee objected to the Debtor's claim of exemption in the inherited IRA based on the Supreme Court's decision in *Clark v. Rameker*, 573 U.S. 122 (2014), and the absence of a provision in the Washington statute expressly

exempting non-spousal inherited IRAs. Focusing on how the legal characteristics of IRAs fundamentally change when inherited, the Court in *Clark* explained that IRAs lose their status as "retirement funds" when inherited by an individual other than a surviving spouse of the account owner and are therefore not entitled to the exemption provided by the Bankruptcy Code for "retirement funds." *Id.* at 125-30.

Of course, *Clark* involved a claim of exemption in retirement funds under §522(b)(3)(C) of the Bankruptcy Code and was decided based on federal bankruptcy law. *Id.* at 124. But several courts have extended the reasoning of *Clark* to deny exemptions in inherited IRAs claimed under state law where there is no meaningful difference between the state law exemption and the federal exemption construed in *Clark* and there is no other controlling authority addressing the issue. *Compare In re Smith*, 2018 WL 494415, at *2 (Bankr. C.D. Ill. Jan. 19, 2018) (no meaningful difference between Illinois and federal exemption and no evidence of legislative intent to include inherited IRAs in Illinois exemption), *and In re Mosby*, 2015 WL 6610988, at *1-2 (D. Kan. Oct. 30, 2015) (affirming bankruptcy court applying reasoning of *Clark* to Kansas exemption statute based on similarity to federal exemption and Kansas courts not having weighed in on the issue), *with In re Kara*, 573 B.R. 696, 701-02 (Bankr. W.D. Tex. 2017) (*Clark* did not bar exemption claimed under Texas statute that specifically identified inherited IRAs as being exempt), *and In re Arehart*, 2019 WL 171466, at *2-3 (Bankr. D. Idaho Jan. 10, 2019) (bankruptcy court finding Idaho exemption statute to be broader than the federal exemption

and declining to depart from its own pre-*Clark* decision in the absence of compelling evidence of legislative intent or case law to the contrary).

Both parties acknowledge the lack of case law specifically addressing the Washington exemption provision at issue in the context of bankruptcy and look to decisions analyzing exemption laws of other jurisdictions for support of their respective positions.[1] The Trustee contends that the Washington statute is like Illinois and federal law and that the reasoning of *Clark* should apply. The Debtor points to the Idaho pension money exemption statute and cases interpreting it broadly to extend the exemption to inherited IRAs. Both parties also recognize states that have taken legislative action to amend exemption statutes to expressly include protections for inherited IRAs.

This Court previously compared the federal exemption construed in *Clark* with the Illinois exemption for "retirement plans," finding that there was no meaningful difference between the two and no evidence that the Illinois legislature intended to include inherited IRAs in the retirement plan exemption. *Smith*, 2018 WL 494415, at *2. The Washington exemption at issue here is not "strikingly similar" to the exemption for retirement funds under §522(b)(3)(C) as this Court found the Illinois exemption to be in *Smith*. The Illinois exemption expressly requires that a retirement plan be "intended in good faith to qualify as a retirement plan under the applicable provisions of the Internal Revenue Code

---

[1] This Court did find one Washington bankruptcy decision involving inherited IRAs not cited by either party. *In re Johnson*, 452 B.R. 804 (Bankr. W.D. Wash. 2011). The *Johnson* court followed a pre-*Clark* trend of interpreting the Bankruptcy Code exemption for retirement funds broadly to include inherited IRAs. *Id.* at 808. But *Johnson* was overruled by the Supreme Court decision in *Clark* and is no longer good law. *Clark*, 573 U.S. at 126-27. And because *Johnson* involved the Bankruptcy Code exemption rather than the Washington State exemption relied on by the Debtor in this case, its reasoning has no bearing on the decision here.

of 1986," whereas the Washington exemption defines a qualifying plan as including an IRA "described in section 408" of the Internal Revenue Code. *Compare* 735 ILCS 5/12-1006 *with* RCW 6.15.020(3)-(4). The distinction does not itself make the Washington exemption meaningfully different from the Illinois or federal exemptions for retirement plans.

Even so, the Debtor believes the Idaho exemption a more apt comparison. Indeed, the language of the Washington exemption statute largely tracks that of the Idaho exemption statute; in the Debtor's words, the two are "virtually identical." *Compare* Idaho Code §11-604A *with* RCW 6.15.020. And in support of her position that the Washington exemption should be construed broadly to include inherited IRAs, the Debtor cites a pre-*Clark* Idaho bankruptcy decision that found the unrestricted language of the Idaho statute exempted any right of "*any* citizen of the state of Idaho under *any* employee benefit plan." *In re McClelland*, 2008 WL 89901, at *3-4 (Bankr. D. Idaho Jan. 7, 2008). The court reasoned that, if the Idaho "legislature intended to limit the scope of this exemption to only those funds held by the person who contributed them to the account, it certainly could have done so." *Id.* at *4. The court therefore declined to substitute its own judgment for that of the legislature and allowed the claimed exemption in the inherited IRA. *Id.*

Eleven years after its decision in *McClelland*, the Idaho bankruptcy court took an opportunity to revisit the issue in the wake of the *Clark* decision. *See Arehart*, 2019 WL 171466, at *1. Concluding that *McClelland* still controlled and that the Supreme Court's *Clark* decision did not compel a different result, the

court in *Arehart* upheld the debtors' claim of exemption in their inherited IRA under the Idaho statute. *Id.* at *3. The court reasoned that the language of the Idaho exemption was broader than the federal exemption, that the Idaho legislature had not changed the language of its exemption statute despite being "presumptively aware of *McClelland* and *Clark*," and that it was not inclined to depart from its earlier decision "unless presented with compelling circumstances." *Arehart*, 2019 WL 171466, at *3.

The similarities between the Washington and Idaho exemption statutes notwithstanding, the Trustee contends that little persuasive value should be given to bankruptcy court decisions from another jurisdiction determining—in accordance with that court's own history—how a different state would interpret its laws. The Trustee's position is well taken. *McClelland* was based on the Idaho bankruptcy court's opinion about what the Idaho legislature intended in drafting its exemption laws. *Arehart*, in turn, was based on *McClelland* having been decided before *Clark* and the Idaho legislature's failure to make any corrective amendment to the Idaho exemption statute in the wake of either decision.

As both parties acknowledge, no court has addressed the issue of whether the Washington exemption statute should be interpreted to include inherited IRAs. That is the crucial distinction between the Washington and Idaho statutes. And because the Idaho bankruptcy decisions interpreting Idaho law in no way involve or even mention the laws of the state of Washington, this Court will not construe them as reflecting the Washington legislature's intent or how the Washington supreme court would interpret the Washington statute. Absent a

-9-

pertinent decision involving the Washington exemption provision at issue, evidence of legislative intent, or some other "compelling circumstance," this Court will not read into the Washington statute protections for inherited IRAs not expressly included. And, as the Trustee points out, the inclusion of specific provisions relating to marital dissolution and child support matters in the retirement exemption statute suggests that there are limits to the exemption's application. Under the circumstances, the Court concludes that the Debtor's claim of exemption in the inherited IRA under the Washington statute should be denied.

To be sure, the Debtor's position also relies heavily on Washington—like Idaho—being a community property state and property acquired after marriage generally being treated as such under Washington law. The Debtor cites RCW 26.16.030 and *In re Estate of O'Hara*, 2024 WL 2750153, at *1 (Wash. Ct. App. May 29, 2024), in support of the assertion. The Trustee counters that the Debtor's community property argument is "not factually developed or adequately briefed" and that, under Washington law, property acquired during a marriage by gift or inheritance is not community property but separate property of the receiving spouse citing *Schwarz v. Schwarz*, 192 Wash. App. 180, 368 P.3d 173 (2016). Here again, the Court agrees with the Trustee.

The Washington Code section relied on by the Debtor defines community property, albeit somewhat confusingly, in part in terms of what it is not. *See* RCW 26.16.030 ("Property not acquired or owned, as prescribed in RCW 26.16.010 . . . , is community property.") RCW 26.16.010 describes property and

pecuniary rights acquired during the marriage by inheritance as being separate property of the inheriting spouse. The inherited IRA at issue here, which the Debtor acknowledges was inherited by her husband during their marriage, therefore does not appear to meet the definition of community property under the Washington statute cited by the Debtor. When the Debtor's late husband inherited his father's IRA, it became his separate property and not community property.

The *Schwarz* case cited by the Trustee further provides that separate property is presumed to remain separate unless there is "sufficient evidence to show an intent to transmute the property from separate to community property" or separate and community property funds are "hopelessly commingled" such that "tracing proves impossible." *Schwarz*, 192 Wash. App. at 190-91, 368 P.3d at 179. As the Trustee points out, the Debtor made no effort to show—factually or legally—that the IRA inherited by her husband was anything other than separate property specifically excluded from the definition of community property under the Washington statute. On the facts as presented, the Debtor's community property argument is of no benefit to her. To the contrary, close scrutiny of Washington law relating to spouses and community property serves to undermine the Debtor's other arguments.

The *O'Hara* case cited by the Debtor held that a deceased spouse's interest in an IRA maintained in the surviving spouse's name did not revert to the surviving spouse but remained in the estate of the deceased spouse. *O'Hara*, 2024 WL 2750153, at *3-4. The court relied on the long-standing principle under

Washington law that "[w]hen a spouse dies, the former community property becomes the separate property of the decedent's estate and the surviving spouse." *Id.* at *3 (citations omitted). The court also made passing reference to provisions in the exemption statute at issue here that relate to community property interests. *Id.* at *4 (citing RCW 6.15.020(6)). Although not specifically cited by the Debtor, those statutory provisions should not be ignored.

Subsection (6) of the Washington pension and retirement exemption statute appears to clarify that community property interests are not limited but rather protected by the general exemption provisions related to retirement plans. Subsection (6) further recognizes the right of a "nonparticipant, nonaccount holder spouse"—meaning "the spouse of the person who is a participant in an employee benefit plan or in whose name an individual retirement account is maintained"—to transfer or distribute their community property interest upon death to another through inheritance and expressly protects the nonparticipant, nonaccount holder spouse's community property interest in the hands of the distributee. RCW 6.15.020(6). Subsection (6) also specifies that, absent evidence to the contrary, a "nonparticipant, nonaccount holder spouse's consent to a beneficiary designation by the participant or account holder spouse with respect to an employee benefit plan" does not limit or adversely alter "the nonparticipant, nonaccount holder spouse's community property interest in an employee benefit plan." *Id.*

As written, subsection (6)—like the child support and marital dissolution language in subsection (3) cited by the Trustee—tends to undercut the broad

-12-

interpretation of subsection (3) urged by the Debtor. The enshrinement of protections for not only nonparticipant, nonaccount holder spouses' community property interests in retirement plans but also for the death beneficiaries of such interests in subsection (6) would be superfluous if subsection (3) were intended to be construed as exempting any person's interest, in whatever form, at all related to any retirement plan. Further, the provision specifying that a nonparticipant, nonaccount holder spouse's community property interest in an exempt retirement plan will not be jeopardized by their status as a named beneficiary under their spouse's retirement plan leads the Court to infer that spousal interests in retirement plans are afforded protections under the exemption statute that are not available to other beneficiaries. That inference would be consistent with the treatment of inherited IRAs under federal law, which extends tax exempt status to IRAs inherited by a spouse of the person in whose name the account is maintained but not others. *See* 26 U.S.C. §408(d)(3)(C)(ii).

The Debtor did not directly address the language of subsection (6) and has provided nothing to support her entitlement to an exemption in the inherited IRA under a community property theory. On its face, the Washington retirement exemption statute purports to protect certain spousal or community property interests in IRAs at the expense of other beneficial interests. And without the Debtor having developed the factual and legal basis for her community property argument and overcome the presumption that inherited property is separate property, the only conclusion for the Court to draw is that the Debtor's interest

in the inherited IRA is not one expressly protected and therefore not properly claimed exempt under the Washington exemption statute for retirement plans and pensions.

### IV.    Conclusion

As set forth above, the Court is reluctant, as a matter of first impression, to read into the Washington exemption statute protections not expressly included. If the Washington statute was intended to exempt any interest of any sort in relation to a retirement plan or fund however remote despite other qualifying language therein, neither the Washington legislature nor any court has stated as much. Under the circumstances, the Trustee's objection will be sustained and the Debtor's exemption claimed under Washington law in the Stifel, Nicolaus & Co. inherited IRA will be disallowed.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###